**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MCGINNIS,** | § | |
| **INDIVIDUALLY,  AND BY** | § | |
| **NEXT FRIEND, BUFFY MCGINNIS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.  3:07-cv-00032** |
| **UNION PACIFIC** | § | **JURY** |
| **RAILROAD COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Comes now Christopher McGinnis, individually and by next friend, Buffy McGinnis (hereinafter jointly and individually referred to as "Plaintiff") complaining of Union Pacific Railroad Company (hereinafter referred to as "Defendant") and for causes of action would respectfully show unto the Court the following:

### PARTIES

1.      Plaintiff is a railroad worker and a resident and citizen of the State of Texas.  The Plaintiff resides in the Southern District of Texas.

2.      Defendant, Union Pacific Railroad Company, a foreign corporation organized and existing under the laws of the State of Delaware, was and is a railroad corporation doing business within the State of Texas.  Defendant, Union Pacific Railroad Company, may be served with

citation and summons by serving its registered agent for service of process, Mr. David P. Young, 808 Travis, Suite 620, Houston, Texas 77002.

## JURISDICTION

3. Plaintiff's rights and remedies against Defendant arise under the Federal Employers' Liability Act (FELA), pursuant to 45 U.S.C. § 51 et seq., and the jurisdiction of this Court is invoked under the provisions of said act.

## VENUE

4. Venue is proper in this matter pursuant to 28 U.S.C. § 1391 because Defendant resides in and has systematic contacts within the Southern District of Texas and because all of the events made the basis of this suit occurred in the Southern District of Texas.

## CAUSES OF ACTION

5. At all times mentioned in this Complaint, Defendant was a common carrier railroad engaged in interstate commerce through and between several states.  Plaintiff was employed by Defendant to further those activities.  The injuries complained of in this complaint were sustained within the course and scope of Plaintiff's employment with Union Pacific Railroad Company.  At all material times hereto, Plaintiff, as employee, and Union Pacific Railroad Company, as employer, were mutually engaged in interstate commerce.

6. Plaintiff, while in the course and scope of his employment, on or about January 23, 2004, was injured when the vehicle he was in was violently struck by a train.  Said collision was caused, in whole or in part, by the negligent acts and omissions of Defendant.

7.    The collision caused Plaintiff to suffer serious injuries and impairment to his mind and body.

8.    Plaintiff's injuries were due in whole or in part to the negligence of Defendant, its agents, servants, or employees acting in the course and scope of their employment.

9.    As a result of the negligence of the Defendant, Plaintiff is unable to return to his occupation.

10.    Defendant's acts and omissions amount to negligence as a matter of law (negligence per se).

## FELA NEGLIGENCE

11.    The occurrence on or about January 23, 2004, was caused in whole or in part by the acts and omissions of Defendant, its agents, servants or employees acting in the course and scope of their employment.  Defendant's acts and omissions constitute negligence as referenced under 45 U.S.C. § 51.  Defendant's acts and omissions, including but not limited to failing to provide a reasonably safe place to work and reasonably safe equipment, were a cause, in whole or in part, of Plaintiff's injuries and damages.

## VIOLATION OF FEDERAL ADMINISTRATION REGULATION 49 CFR 229

12.    Federal law prescribes minimum Federal safety standards for the railroad workplace. Specifically, 49 CFR 229 prescribes safety standards that prohibit certain actions and require certain actions to be taken by a railroad and its employees.  Defendant's acts and omissions violated Title 49 of the Code of Federal Regulations, specifically including, but not limited to 49 CFR §§ 229.7, 229.41, 229.45, 229.46, 229.47, 229.49, 229.51, 229.53,  229.55,

229.57, 229.59, 229.61, 229.75, 229.129.  Defendant's acts and omissions constitute violation of said federal law and were a cause, in whole or in part, of Plaintiff's injuries and damages.

**VIOLATION OF FEDERAL ADMINISTRATION REGULATION 49 CFR 214.335**

13.     Federal law prescribes minimum Federal safety standards for the railroad workplace.  Specifically, 49 CFR 214.335 requires the railroad to not allow a roadway worker to foul a track unless certain safety provisions are followed.  Those safety provisions were not followed and the accident was a direct result of the failure to follow those safety provisions. Defendant's violation of said federal law was a cause, in whole or in part, of Plaintiff's injuries and damages.

**VIOLATION OF FEDERAL ADMINISTRATION REGULATION 49 CFR 214**

14.     Federal law prescribes minimum Federal safety standards for the railroad workplace.  Specifically, 49 CFR 214 requires certain actions to be taken by a railroad and its employees to prevent accidents and casualties to employees involved in certain railroad inspection, maintenance and construction activities, such as Plaintiff was conducting at the time of the accident.  Defendant's acts and omissions violated Title 49 of the Code of Federal Regulations, specifically including, but not limited to 49 CFR §§ 214.309, 214.311, 214.313, 214.315, 214.317, 214.319, 214.321, 214.323, 214.325, 214.327, 214.329, 214.331, 214.333, 214.335, 214.337, 214.339, 214.343, 214.345, 214.347, 214.349, 214.351, 214.353. Defendant's violation of said federal law was a cause, in whole or in part, of Plaintiff's injuries and damages.

15.     The above referenced regulations are safety statutes under 45 U.S.C. § 53. Therefore, Defendant's violation of those regulations creates absolute liability barring any contributory negligence assertion by Defendant.

### DAMAGES

16.     Plaintiff has suffered serious injuries and impairment to his mind and body.  These injuries are permanent in nature.  In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of his natural life.  These injuries have had a serious effect on Plaintiff's health and well being.  Because of the nature and consequences of his injuries, Plaintiff has suffered great physical pain, mental anguish, and, in all reasonable probability will suffer for a long time into the future, if not for the balance of his natural life.  At the time of the incident complained of, Plaintiff was in sound health and gainfully employed as a railroad worker.  Plaintiff has lost wages and benefits in the past and, within reasonable probability, will continue to suffer a loss of wages, benefits, and earning capacity in the future.

17.     As a further result thereof, Plaintiff has incurred expenses for medical care and attention, such as physician's fees, medical supplies, appliances, medicine, hospitalization, and nursing service.  These services were incurred for necessary care and treatment of the injuries resulting from the incident complained of above.  The charges for said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.  As a further result of the injuries sustained by Plaintiff, he will, within reasonable medical probability, incur future expenses for his medical care and attention.  As a result of the incident complained of herein, Plaintiff has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment.

### JURY DEMAND

18.     Plaintiff requests a jury trial on the issues presented within this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be summoned to appear and answer herein and that, upon final trial hereof, Plaintiff have:

a.      Judgment against Defendant for Plaintiff's damages;

b.      Post-judgment interest at the legal rate against the Defendant;

c.      Costs of suit; and

d.      Such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

DATED this 19th day of January, 2007.

Respectfully submitted,

By: /s/ George Gore

George W. Gore
So. District Bar No. 29094
State Bar No. 24029582

801 Congress, Suite 350
Houston, Texas  77002
(713) 224-2000 Telephone
(713) 224-3111 Facsimile

**Attorney-In-Charge for Plaintiff**