IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCGINNIS,<br>INDIVIDUALLY, AND BY<br>NEXT FRIEND, BUFFY MCGINNIS | §<br>§<br>§<br>§ | CIVIL ACTION NO. 3:07-cv-00032 |
| Plaintiff, | §<br>§ | |
| vs. | §<br>§<br>§ | JURY REQUESTED |
| UNION PACIFIC RAILROAD COMPANY<br>Defendant. | §<br>§<br>§ | |

## ORIGINAL ANSWER OF UNION PACIFIC RAILROAD

TO THE UNITED STATES DISTRICT COURT JUDGE:

Defendant, UNION PACIFIC RAILROAD COMPANY, files its Original Answer to Plaintiff's Original Complaint for an action brought by Plaintiff pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. and herein states as follows:

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant admits that Federal law, including 49 CFR 229, prescribes safety standards for the railroad workplace. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. Defendant admits that Federal law, including 49 CFR 214.335, prescribes safety standards for the railroad workplace. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant admits that Federal law, including 49 CFR 214, prescribes safety standards for the railroad workplace. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff sustained serious injuries and impairment to his mind and body. Defendant also admits that at the time of the incident complained of Plaintiff was in sound health, employed as a railroad worker, and since the incident he has sustained lost wages in the past and he will continue to suffer a loss of future earning capacity. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters regarding the remaining allegations in paragraph 16 of the Complaint and therefore is unable to admit or deny these allegations.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant requests a trial by jury. The unnumbered paragraph following Paragraph 18 of the Complaint contains Plaintiff's Prayer. No response is necessary by Defendant to the Prayer paragraph.

**FIRST DEFENSE**

Defendant is not guilty of any negligence or any violation of statute, regulation, or law that caused in whole or in part any of Plaintiff's injuries and/or damages.

### SECOND DEFENSE

Defendant pleads that Plaintiff's own negligence rather than that of this Defendant caused the matters about which Plaintiff complains.

### THIRD DEFENSE

Defendant herein would show that at the times and on the occasions in question there was a failure on the part of the Plaintiff to exercise that degree of care that would have been exercised by an ordinarily prudent person under the same or similar circumstances, and such failure was a proximate cause and/or sole proximate cause and/or producing cause and/or the sole producing cause and/or a cause in whole or in part of the accident made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff.

### FOURTH DEFENSE

Defendant states that advances, payments or benefits which Plaintiff has received as a result of this injury should be off-set against any monies he receives in this action.

### FIFTH DEFENSE

Pleading affirmatively, Defendant would show that at the time of the incident made the basis of this suit, Plaintiff was a member of a labor union which had acted as Plaintiff's duly constituted agent for collective bargaining purposes and, in that capacity, said union had entered into a collective bargaining agreement with Defendant. Portions of such agreement provide that Defendant will provide certain specified sickness and/or injury

benefits, which benefits may be offset against any recovery which Plaintiff may recover by judgment or settlement in suits arising out of the incident which gave rise to the payment of benefits. Consequently, Defendant now pleads for such offsets, and reserves the right to more specifically plead the type and amounts of same, so that they may be deducted from Plaintiff's recovery, if any, in this case.

Wherefore, having fully answered, UNION PACIFIC RAILROAD COMPANY, prays that Plaintiff take nothing by reason of this suit and for such other relief as the Court may deem just and proper.

Respectfully submitted:

By: *[signature]*
BENTON R. BOND
Attorney-in-Charge
SBN: 26701
Texas State Bar No. 00790332
808 Travis, Suite 620
Houston, Texas 77002
Telephone: (713) 220-3206
Facsimile:   (713) 220-3211
ATTORNEY FOR DEFENDANT

DOUGLAS W. POOLE
SBN: 619
Texas Bar No. 16115600
McLeod, Alexander, Powell & Apfel, P.C.
802 Rosenberg
Galveston, Texas 77550
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record as listed below by:

\_\_\_\_\_ United States Mail, postage prepaid and sealed;

\_\_\_\_\_ United States Certified Mail, return receipt requested;

\_\_\_\_\_ Hand Delivery;

\_\_\_\_\_ UPS / Next Day Air; and/or

__X__ Facsimile Transmission

on this the __23rd__ day of March, 2007.

George Gore
SBN: 29094
Texas Bar No. 24029582
801 Congress, Suite 350
Houston, Texas 77002
ATTORNEY FOR PLAINTIFF

Benton R. Bond