UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER MCGINNIS, INDIVIDUALLY, AND BY NEXT FRIEND, BUFFY MCGINNIS<br>    Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>    Defendant and Third-Party Plaintiff,<br><br>METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS,<br>    Intervenor,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY AND THOSE CERTAIN INDIVIDUAL UNDERWRITERS OF LLOYD'S, LONDON, FORMING SYNDICATE 1861 AND SYNDICATE 2003 SUBSCRIBING TO POLICY NUMBER 576/UF7273700 FOR THE 2003 LLOYD'S YEAR OF ACCOUNT,<br>    Third-Party Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:07-CV-00032<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Before the Court are two motions. The first motion is the Motion for Leave to Designate Responsible Third Party (Doc. No. 50) of Lloyd's, London ("Lloyd's"), seeking to designate Willis of Texas, Inc., as a "responsible third party" under Texas Civil Practice and Remedies Code § 33.004.

The second motion is the Motion to Dismiss (Doc. No. 31) of Third-Party Defendants Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Lloyd's (collectively referred to as "Defendants"). In a prior Memorandum and Order (Doc. No. 48), which summarizes the factual and procedural background of the case, the Court denied the Motion to Dismiss in part, and invited supplemental briefs on the one remaining question: whether the case must be dismissed under Federal Rules of Civil Procedure 19. All parties subsequently filed supplemental briefs.

After reviewing the Motions, all related filings, and the relevant law, the Court finds that the Motion for Leave should be granted, and that the Motion to Dismiss should be denied.

## I. MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY

Lloyd's has filed a Motion for Leave to Designate Responsible Third Party (Doc. No. 50), seeking to designate Willis of Texas, Inc. ("Willis") as a "responsible third party" under Texas Civil Practice and Remedies Code § 33.004, as amended in 2003, which states in relevant part:

> § 33.004. Designation of Responsible Third Party
>
> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> (b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.

. . .

(e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:

> (1) does not by itself impose liability on the person; and
>
> (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

Texas Civil Practice and Remedies Code § 33.011(6) defines the term "responsible third party" as follows:

> (6) "Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

Several district courts in Texas have concluded that the designation of a "responsible third party" under § 33.004 does not conflict with the Federal Rules of Civil Procedure. *See, e.g., Cortez v. Frank's Casing Crew & Rental Tools*, Civ. Action No. V-05-125 2007 WL 419371, at *1-2 (S.D. Tex. Feb. 2, 2007) (collecting cases); *see also Becker v. Wabash*, Civ. Action No. C-07-115, 2007 WL 2220961, at *1-2 (S.D. Tex. July 31, 2007). The Court finds the reasoning in these cases persuasive. Moreover, Lloyd's has met the statutory requirements for designating a "responsible third party," and no party has objected to Lloyd's Motion. For these reasons, Lloyd's Motion for Leave to Designate Responsible Third Party (Doc. No. 50) should be granted.

## II.  MOTION TO DISMISS

The only remaining issue in the Motion to Dismiss (Doc. No. 31) of Third-Party Defendants Liberty Mutual and Lloyd's is whether the case must be dismissed under Federal Rules of Civil Procedure 19. Defendants argue that two parties are both "necessary" and "indispensable" within the meaning of that rule: Willis, which acted as the insurance broker for Intervenor Metropolitan Transit Authority ("METRO"); and Lloyd's Syndicate 609 ("Atrium"), which acted as the lead underwriter for Lloyd's with respect to the relevant policy.

Under Rule 19(a), a party is necessary if, in that party's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). The Court finds that both Willis and Atrium are necessary parties within the meaning of the rule. Both parties are potentially liable: Willis for its alleged negligence, and Atrium under its insurance contract. In addition, the enforceability of any judgment as to Atrium against other syndicates appears to be unlikely at best, as all parties agree that Atrium's liability under its policy contract will be several but not joint with the other Lloyd's syndicates as to any contractual claims. (Defs.' Supp. Br., Doc. No. 44, at 3-4; Supp. Response, Doc. No. 52, at 3.) The search for complete relief could therefore involve a multiplicity of lawsuits, and judicial economy is one appropriate factor for the Court to consider when determining whether an absent party is necessary to the lawsuit. *See* 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1604 (3d ed. 2001) (citing the Advisory Committee Note to the 1966 amendment to Rule 19). For these reasons, Atrium and Willis are necessary parties for purposes of Rule 19(a).[1]

Joinder of Willis and Atrium is not feasible, however, because either would destroy the Court's diversity jurisdiction. The Court must therefore turn to Rule 19(b), which "requires that if, as a matter of equity[,] the court finds that the lawsuit cannot proceed without the absent party, then that party be considered indispensable and the case dismissed." *Shelton v. Exxon Corp.* 843 F.2d 212, 216 (5th Cir. 1988). "Unless the court finds that a party is indispensable . . . it has no discretion, except in the most exceptional

---

[1] The reliance of UP and METRO upon *James v. Valvoline, Inc.*, 159 F.Supp.2d 544 (S.D. Tex. 2001), for the proposition that "complete relief" means relief as between persons already parties, not as between a party and an absent person whose joinder is sought, is misplaced. *James* involved a suit for money damages where the absent party and the defendant were jointly and severally liable. *Id.* at 550-51 ("Indisputably, in this suit for money damages, whatever amount, if any, that is awarded will be complete as between Plaintiff and [the absent party]. . . . This is so because under Ohio law, [the absent party] is potentially jointly and severally liable to the Plaintiff." (citations omitted)). As just explained, the instant case does not appear likely to involve joint and several liability as to all claims and all defendants.

cases, to dismiss the case even if a necessary party cannot be joined." *Id.* Distinguishing a necessary party from an indistinguishable party requires analyzing the four factors presented in Rule 19(b), specifically: 1) to what extent the party's absence would prejudice him or those already parties; 2) whether protective measures may be taken to lessen that prejudice; 3) whether a judgment rendered in the party's absence will be adequate; and 4) whether plaintiff will have an adequate remedy if the case is dismissed. *Id.*; Fed. R. Civ. P. 19(b).

At the outset, the Court notes that Fifth Circuit precedent suggests that, as a matter of law, neither Willis nor Atrium is an indispensable party to the case. *See Nottingham v. Gen. Am. Comm. Corp.*, 811 F.2d 873, 880-81 (1987) ("[I]t is well established that Rule 19 does not require the joinder of joint tortfeasors. . . . Nor does it require joinder of principal and agent. . . . Finally, Rule 19 does not require joinder of persons against whom [defendants] have a claim for contribution. . . . Thus, whether [the absent party] be a joint tortfeasor, agent, or contributor to the award, [the absent party] was not an indispensable party to this case." (citations omitted)). Nonetheless, because "[t]he watchwords of Rule 19 are 'pragmatism' and 'practicality,'" *Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970), the Court will offer a full analysis under Rule 19(b) of the effect of proceeding without Willis and Atrium.

With regard to Willis, the Rule 19(b) analysis points strongly in favor of proceeding with the litigation. As for the first two factors, any prejudice to Defendants resulting from Willis not being a party to this lawsuit is greatly reduced, if not eliminated, by Willis having been designated a responsible third party. Defendants will no longer have to argue their case in Willis' absence, as Willis' alleged negligence will be

submitted to the jury for a finding of proportionate responsibility.[2] Moreover, there is no evidence before the Court upon which to base a determination that Willis will be prejudiced by this lawsuit. Factor three, which inquires into the adequacy of the requested judgment, is of little relevance given the unusual procedural posture of this case, where it is Third-Party Plaintiff Union Pacific Railroad Company ("UP") and Intervenor METRO, not Defendants, who prefer to remain in federal court. The Court gives little weight to this factor where the plaintiffs are satisfied with the judgment available to them in federal court. Finally, the fourth factor, which inquires into the availability of an alternative forum if the action is dismissed, clearly points to dismissal, as the state courts are available and do not suffer from the same jurisdictional limitations as the Court. This factor, however, does not outweigh the balance of the other three, particularly given that UP and METRO prefer to prosecute their claims in federal court. Willis is therefore not indispensable to the litigation within the meaning of Rule 19(b) and *Shelton*.

With regard to Atrium, the Court finds that the Rule 19(b) analysis again points in favor of proceeding with the litigation. It is true, as Defendants have argued, that Atrium may have somewhat less of an incentive to participate in discovery if it is not party to the lawsuit. It is also true that representatives of Atrium who reside out of the country may not be available to testify at trial. As UP and METRO amply demonstrate in their Supplemental Response (Doc. No. 52, at 7), however, evidentiary considerations such as these are outside the proper purview of Rule 19 joinder provisions. *See, e.g., Costello Publishing Co. v. Rotelle*, 670 F.2d 1035, 1044 (D.C. Cir. 1981) ("[Rule 19] does not list

---

[2] The Court notes that Willis was designated a "responsible third party" at the request of Defendants, suggesting that Defendants share the Court's view that this designation reduces or eliminates the potential prejudice of proceeding with the case.

the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication."); *see also Hefley v. Textron, Inc.,* 713 F.2d 1487, 1498 (10th Cir. 1983) (rejecting the notion "that without the broader discovery available from [the absent] party, complete relief can not be granted" and stating "[w]e have found no cases which approve of the use of rule 19 simply to allow greater discovery, and we can discern no policy which such an expansion of the rule would promote"); *accord Johnson v. Smithsonian Inst.,* 189 F.3d 180, 188-89 (2nd Cir. 1999) (citing *Costello* and *Hefley*). Moreover, pragmatism and practicality in this case suggest that Atrium is unlikely to abandon its fellow Lloyd's syndicates, all of whom relied on Atrium when entering their insurance agreements, as those syndicates attempt to escape liability. The Court therefore finds that the potential prejudice to Defendants from Atrium's absence is low, and no measures need be taken at this time to reduce that prejudice. In addition, there is no evidence before the Court upon which to base a determination that Atrium will be prejudiced by this lawsuit. As for factors three and four, the analysis offered above with regard to Willis applies identically with regard to Atrium, and again those factors do not change the overall outcome of the Rule 19 analysis. Atrium is therefore not indispensable to the litigation within the meaning of Rule 19(b) and *Shelton*.

### III.   CONCLUSION

For the reasons stated herein, Lloyd's Motion for Leave to Designate Responsible Third Party (Doc. No. 50) is **GRANTED.** Lloyd's is **ORDERED** to notify Willis of this lawsuit by serving a copy of all pleadings and orders filed in this case within twenty days

- 9 -

of the date of this Order. The Motion to Dismiss (Doc. No. 31) of Liberty Mutual and Lloyd's is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 24th day of April, 2008.

                                          KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT